# SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between and among Azael Gomez Salgado, 276-43 Gourmet Grocery Inc. (d/b/a Lucky Star Cafe), George Maxemoss and Maged M. Mouris concerning Azael Gomez Salgado's employment at Lucky Star Cafe and the settlement of the Fair Labor Standards Act and/or the New York Labor Law claims he has or may have concerning his employment at Lucky Star Cafe.

**WHEREAS,** Azael Gomez Salgado has filed a case against Defendants 276 Gourmet Grocery Inc. (d/b/a Lucky Star Cafe), George Maxemoss, and Maged M. Mouris in the United States District Court, Southern District of New York (the "Court"), entitled <u>Azael Gomez Salgado v. 276-43 Gourmet Grocery Inc. (d/b/a Lucky Star Cafe), at al.</u>, Docket No.: 18-cv-3934-RWS (the "Action").

**WHEREAS,** Defendants 276 Gourmet Grocery Inc. (d/b/a Lucky Star Cafe), George Maxemoss, and Maged M. Mouris have denied all claims alleged in the Action;

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel and independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

    (a) "Plaintiff" is defined as Azael Gomez Salgado and includes each of his present or former creditors, executors, agents, administrators, heirs, successors and assigns; and,

    (b) "Defendants" is defined to include (i) George Maxemoss, (ii) Maged M. Mouris, and (iii) 276-43 Gourmet Grocery Inc. (d/b/a Lucky Star Cafe), and all of their respective (as applicable) current and/or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, heirs, successors, assigns, employees, attorneys, administrators, representatives, shareholders, officers, board members, directors and agents, both individually and in their business capacities, and their respective employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act and/or the New York Labor Law that Plaintiff has or may have in the future through the date of execution of this Agreement.

1

1379806.1

3. **Limited Release of Claims by Plaintiff.**

(a) **Release of Fair Labor Standards Act and/or New York Labor Law Claims.** Plaintiff knowingly and voluntarily releases and forever discharges the Defendants, to the broadest extent permitted by law, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act and/or the affiliated rules and/or regulations promulgated thereunder (collectively, the "FLSA"), and/or under the New York Labor Law and/or the affiliated rules and/or regulations promulgated thereunder (collectively, the "NYLL"), which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of the FLSA and/or the NYLL.

(b) **Collective/Class Action Waiver.** Plaintiff waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding based on any FLSA and/or NYLL claim in which Defendants are a party. In the event any class or collective action is brought against Defendants pursuant to the FLSA and/or the NYLL, which includes or may include Plaintiff, upon learning of the Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) **Additional Facts and/or Law.** Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the Court's approval of this Agreement, Defendants shall cause Plaintiff to be paid the gross total sum of Forty-Eight Thousand Dollars ($48,000.00) (the "Payment"), payable within thirty (30) days after the Court's approval of this Agreement as follows:

(1) Defendants shall issue one check, payable to "Michael Faillace & Associates, P.C., as attorneys for Plaintiff," in the amount of $48,000.00 (the "Settlement Check") upon receipt of an executed IRS Form W-9 from Plaintiff's attorneys, Michael Faillace & Associates, P.C. Defendants will issue an IRS Form 1099 to Michael Faillace & Associates, P.C. at the appropriate time.

(2) Defendants will send the Settlement Check to Plaintiff's attorneys, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, within thirty (30) days of the Court's approval of the Agreement.

(b) Plaintiff acknowledges that the Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA and/or the NYLL, known or unknown, asserted or unasserted, that Plaintiff may have against Defendants.

(c)     Plaintiff shall be solely responsible for the payment of any taxes owed on the Payment. Plaintiff represents that no tax advice has been given to him by Defendants or their representatives, and he understands that Defendants make no representation or guarantee as to the tax consequences of the Payment. In the event that any federal, state or local taxing authority or court determines that taxes, interest, penalties and/or other costs are due and owing by Defendants as a result of any non-payment by Plaintiff made hereunder (a "Tax Claim"), said Tax Claim shall be the sole obligation and liability of Plaintiff, who shall hold harmless and indemnify Defendants from any tax-related or other liability. Defendants and/or their attorneys shall give written notice of such Tax Claim by E-mail, fax or overnight mail, to Plaintiff's attorney, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165; michael@faillacelaw.com; fax: (212) 317-1620, within seven (7) business days of receipt of notice of such Tax Claim, and Defendants and/or their attorneys shall provide Plaintiff and/or Plaintiff's attorneys a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Defendants and/or their attorneys shall reasonably cooperate with Plaintiff and/or with his attorneys, to the extent possible, to minimize the costs associated with this indemnity.

(d)     In the event Defendants are in default of the Payment described in paragraph "4(a)" of this Agreement, Plaintiff shall provide seven (7) business days written notice to Defendants via E-mail, fax or overnight mail sent to Laura E. Longobardi, Esq., Phillips Nizer LLP, 485 Lexington Avenue, New York, New York 10017; LLongobardi@PhillipsNizer.com; fax: (212) 262-5152, of the default. If Defendants do not cure the defect within seven (7) business days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

5.     **Settlement Approval.**

Plaintiff shall file a motion seeking the Court's approval of this Agreement promptly upon the full execution of this Agreement by all parties. This Agreement is contingent upon the Court's approval and dismissal of all of Plaintiff's claims, with prejudice.

6.     **Non-Admission of Wrongdoing.**  Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the FLSA and/or the NYLL.

7.     **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8.     **No Waiver.**  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this

Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.**

   (a) This Agreement represents the complete understanding among the parties with respect to all claims under the FLSA and/or the NYLL that Plaintiff has or may assert against Defendants, and shall be interpreted under New York law without regard to its conflict or choice of laws provisions;

   (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

   (c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary release of all of his FLSA and/or NYLL claims, as contained herein, and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his FLSA and NYLL claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

12. **Execution.**

   (a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA and/or the NYLL. Plaintiff selected his counsel voluntarily;

   (b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

   (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all

such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of all Defendants have executed the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES IN THIS AGREEMENT AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND/OR NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2018    By: _____
                                    AZAEL GOMEZ SALGADO

                                 276-43 GOURMET GROCERY INC. (d/b/a LUCKY STAR CAFE)

Dated: Sep 30th, 2018    By: _____

Dated: Sep 30th, 2018    _____
                         George Maxemoss, Individually

Dated: Sep 30th, 2018    _____
                         Maged M. Mouris, Individually

1379806.1

such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of all Defendants have executed the Agreement and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES IN THIS AGREEMENT AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND/OR NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 9/28/2018, 2018       By: _____
                                  AZAEL GOMEZ SALGADO


                                  276-43 GOURMET GROCERY INC. (d/b/a LUCKY STAR CAFE)

Dated: _____, 2018       By: _____

Dated: _____, 2018           _____
                                  George Maxemoss, Individually

Dated: _____, 2018           _____
                                  Maged M. Mouris, Individually

5